IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CONSOLIDATED ELECTRICAL         ) | | |
| CONTRACTORS & ENGINEERS, INC., ) | | |
|                                 ) | | |
| Plaintiff,                      ) | | |
| v.                              ) | CASE NO. 1:04-cv-36-F | |
|                                 ) | WO | |
| GENERAL KANTRAX, INC., *et al.*,) | | |
|                                 ) | | |
| Defendants.                     ) | | |

**MEMORANDUM OPINION AND ORDER**

Now pending before this Court is Plaintiff's motion for default judgment against Defendant General Kantrax, Inc. (hereinafter "Kantrax") filed on February 15, 2005. (Doc. # 17). Plaintiff seeks an award of damages in the amount of $385, 366.17 against Defendant Kantrax. A default was entered against Defendant Kantrax by the Clerk of the Court on March 7, 2005 (Doc. # 22), and this Court held a hearing on the motion for default judgment on March 29, 2005 (Doc. # 25). Defendant Kantrax did not appear at the hearing and has not otherwise objected to an entry of default judgment and an award of damages and costs against it.[1]

Upon consideration of the motion, the evidence accompanying the motion, the arguments presented at the hearing[2] and the supplemental evidence filed subsequent to the

---

[1] The court notes that Defendant Kantrax is not *pro se* and is represented by Attorney D. Ross McCloy, Junior of Harrison, Sale, McCloy & Thompson in Panama City, Florida.

[2] At the hearing, Plaintiff argued that the court should consider the contentions and evidence presented in its motion for partial summary judgment filed on December 30, 2004. (*See* Docs. # 9 &10). Thus, the court relies upon the arguments and evidence presented by Consolidated in its

hearing, the Court concludes that the motion for default judgment (Doc. # 17) is due to be GRANTED.

## I.   UNDISPUTED FACTS

The evidence before the Court establishes the following:

On or about July 26, 1999, Defendant Kantrax contracted with Plaintiff Consolidated Electrical Contractors and Engineers, Inc. (hereinafter "Consolidated") to provide the electrical labor, materials and equipment for the construction of a new library building for Troy State University located in Houston County, Alabama. The total amount of the contract was $631,323.00 prior to change orders and additions. As required by Alabama law, Ala. Code § 39-1-1, Kantrax obtained a performance and payment bond from Hartford Accident and Indemnity Company (hereinafter "Hartford").

Subsequent to commencement of construction, the president of Kantrax, William F. Freer, was killed in an accident. Following this death, Kantrax experienced problems in fulfilling its contractual obligations and defaulted. Hartford, as the labor, material and performance bond surety for Kantrax, came forward to complete the project and retained de Oplossing, Inc. (hereinafter "de Oplossing") to oversee completion of the library contract. As a result, Consolidated was required by Hartford, through de Oplossing, to perform according to the terms of the contract. In addition, Consolidated was instructed to perform additional work on the project and to supply additional materials in order to complete the

---

motion for summary judgment in deciding the motion for default judgment.

library. Consolidated made all payment applications to either Kantrax or to Hartford through de Oplossing.

According to Consolidated, it has not been paid in full for the labor, materials and equipment which it provided under the contract. Consolidated also claims that a ten percent retainage was withheld from the contract for the entire project and has not been paid.

## II.  PROCEDURAL HISTORY

On December 1, 2003, Plaintiff Consolidated filed suit in the Circuit Court of Houston County, Alabama against defendants Kantrax and Hartford. (Doc. # 1, Compl.). By its Complaint, Consolidated alleges that Kantrax breached its contract to compensate Consolidated for its provision of labor, materials and equipment. (*Id*.). In the Complaint, as amended, Consolidated brings breach of contract claims and unjust enrichment/*quantum meruit* claims against both defendants.[3] (*Id*.). Consolidated requests a trial by jury and seeks compensatory damages, attorneys' fees, interest and costs. (*Id*.).

This case was removed to this Court on January 16, 2004 by Defendant Hartford. (Doc. # 1, Notice of Removal). Defendant Kantrax consented to the removal. (Doc. # 17, Ex. B). Hartford defended itself in this action and settled its issues with Consolidated. (Doc. # 18, Stipulation of Dismissal). Kantrax, on the other hand, has failed to appear or defend

---

[3] On December 30, 2003, prior to the removal of the case from state court, Consolidated filed an Amended Complaint wherein it appended unjust enrichment/*quantum meruit* claims against the defendants. (Doc. # 1, Am. Compl.).

3

itself in the action other than its consent to the removal.[4]  As a result, on February 15, 2005, Plaintiff filed an Application for Default Judgment supported by an affidavit and a chart of its alleged damages.  (Doc. # 17, Exs. B & C).[5]

On March 7, 2005, the Clerk of the Court entered a default against Defendant Kantrax.  (Doc. # 22).  On March 29, 2005, the Court held a hearing on the motion for default judgment.  (Doc. # 23).  As previously mentioned, Defendant Kantrax has not defended itself in this action, and has not otherwise objected to the entry of default or an entry of default judgment and an award of damages and costs against it.

The court exercises subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).[6]

### III.  DEFAULT JUDGMENT STANDARD

According to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."  Rule 55(b)(1) provides for entry of judgment by default by the clerk of

---

[4] In December 2003, Kantrax was properly served with the summons and Complaint.  (Doc. # 22).  However, Kantrax failed to properly answer or defend in the action.

[5] Interestingly, Consolidated filed a motion for default judgment against Kantrax on February 8, 2005 (Doc. # 15), however, that motion was denied by the Court as premature (Doc. # 16).

[6] According to the Notice of Removal, Consolidated is an Alabama corporation, while Kantrax is a Florida corporation and Hartford is a Connecticut corporation.  Although Consolidated seeks an unspecified amount of damages in its Complaint, it contends that it was damaged in the total amount of $558, 366.17.  (Pl. App. Default. J., Doc. # 17, Ex. B, Byron Griffin Aff. ¶ 2).

the court "[w]hen the plaintiff's claims against a defendant is for a sum certain or for a sum which can by computation be made certain," which is not the situation here. Rule 55(b)(2) states that "[i]n all other cases the party entitled to a judgment by default shall apply to the court therefore."

However, it is well-established that "a defendant's default does not in itself warrant the court entering a default judgment." *Directv, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004) (Thompson, J.) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Natl'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

> There must be a sufficient basis in the pleadings for the judgment entered. . . . The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short, . . . a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover.

*Id*. Accordingly, in ruling on the motion for default judgment the court must examine in further detail the defendant's liability under the causes of action alleged in the Complaint. Nonetheless, "[w]hether to grant a motion for default judgment is within the trial court's discretion." *Huynh,* 318 F. Supp. 2d at 1127 (citing *Adolph Coors Co v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1542 (11th Cir. 1985)).

### IV.  DISCUSSION

By its motion, Consolidated seeks damages in the amount of $385,366.17 against Kantrax.[7] The requested amount includes attorneys' fees and expenses in the amount of

---

[7] This amount of damages is the offset from the damages amount received from Hartford in its settlement with Consolidated. Specifically, Consolidated received $173,000.00 from Hartford

$17,512.50; work damages[8] in the amount of $111,202.11; retainage, overhead and delay damages in the amount of $259,716.95; and additional 12 percent per annum interest on the amount of damages. Consolidated submits the following evidence in support of its motion for default judgment (Doc. # 17): (1) a copy of the Kantrax's Consent to Removal[9] (Ex. A); (2) the affidavit of Byron Griffin, Vice-President of Business Development for Consolidated (Ex. B); and (3) a summary chart of damages suffered by Consolidated[10] (Ex. C). On March 1, 2005, Consolidated filed a Notice of Filing Exhibits in Support of Plaintiff's Application for Default Judgment. (Doc. # 21). Said exhibit is a copy of the Summons and return receipt card indicating perfected service on Kantrax. (*Id*. at Ex. A). On April 4, 2005, Consolidated filed two affidavits in support of its request for attorneys' fees: (1) an affidavit from its attorney, Elizabeth Glasgow; and (2) an affidavit from a local attorney, James D. Farmer. (Doc. # 26).

The Court will address each form of relief requested by Consolidated.

*A.    Attorneys' Fees*

Consolidated seeks attorneys' fees and expenses in the amount of $17,512.50 in accordance with the performance and payment bond executed under the Alabama Public

---

in its settlement. (Doc. # 17, Ex. B, Byron Griffin Aff. ¶ 3).

[8] This amount is the sum of Consolidated's undisputed work claims of $74,615.59 and additional disputed work claims of $36,586.52. (Doc. # 17, Ex. C).

[9] This Consent is signed by Ross McCloy, counsel for Kantrax.

[10] Chart includes 12 percent interest on the work damages, retainage, overhead and delay; and also includes the requested amount of $17,512.50 for attorneys' fees and expenses. (Ex. C).

Work statute, Ala. Code § 39-1-1 (1975). As the Eleventh Circuit elucidated in *Trane Co., a div. of Am. Standard, Inc. v. Whitehurst-Lassen Const. Co.,* 881 F.2d 996, 997 (11th Cir. 1989),

> Alabama's Public Work statute, § 39-1-1, requires public contractors to execute a bond which secures payment to individuals who furnish labor and materials in the performance of government contracts. *Universal Elec. Constr. Co. v. Robbins,* 239 Ala. 105, 194 So. 194, 198 (1940) (interpreting predecessor statute); *Headley v. Housing Auth. of Prattville,* 347 So.2d 532, 534-35 (Ala. Civ. App.1977); Ala. Code § 39-1-1 (1988). The statute, which is patterned after and interpreted in accord with the federal Miller Act, 40 U.S.C. §§ 270a-270d, is highly remedial in nature and is liberally construed to effectuate its purpose of ensuring that suppliers receive full compensation for the labor or materials they provide to public works projects. *Sumlin v. Hagen Storm Fence Co.,* 409 So.2d 818, 820 (Ala. 1982); *Headley,* 347 So.2d at 535; *see also United States v. Aetna Ins. Co.,* 831 F.2d 978, 980 (11th Cir. 1987) (construing Miller Act); *United States v. Glassman,* 397 F.2d 8, 10 (4th Cir. 1968) (same). Because the purpose of the Alabama statute and the Miller Act are identical, both are interpreted in the same manner. *Price v. H.L. Coble Constr. Co.,* 317 F.2d 312, 315 (5th Cir. 1963); *Headley,* 347 So.2d at 534-35. Thus, because the body of Alabama law interpreting § 39-1-1 is limited, federal courts' interpretations of the Miller Act will primarily guide [the] analysis of the questions raised under § 39-1-1 . . .

The principal issue before the Court is whether the undisputed facts establish Consolidated's entitlement to reasonable attorneys' fees. The Court finds that they do.[11]

Because attorneys' fees are a recoverable item under the Public Work Statute, *see* Ala. Code § 39-1-1(b), and are recoverable under the performance and payment bond

---

[11] Consolidated establishes the four elements necessary to collect under a payment bond: (1) that materials were supplied for work in the particular contract at issue; (2) that the supplier is unpaid; (3) that the supplier had a good faith belief that the materials were for the specified work; and (4) that jurisdictional prerequisites are met. *United States v. Aetna Ins. Co.,* 831 F.2d 978, 980 (11th Cir. 1987) (construing section 270b of the Miller Act).

executed by the parties in this lawsuit, *see* Doc. # 17, Ex. B, there is no question that Consolidated is entitled to recover reasonable attorneys' fees incurred on the bond.[12] Moreover, as the undisputed evidence submitted by Consolidated establishes that the amount of requested attorneys' fees is reasonable in light of the circumstances of this case, the Court finds that Consolidated is owed and entitled to an award of $17,512.50 in attorneys' fees and expenses.

B.   *Damages and Retainage*

Consolidated also requests work damages[13] in the amount of $111,202.11 and retainage, overhead and delay damages in the amount of $259,716.95. Consolidated argues that in accordance with Article 15.3 of the contract, a 10 percent retainage was withheld from the contract for the entire project.[14] Consolidated presents evidence that this retainage amounts to $67,799.24. Consolidated also presents undisputed evidence of its work damages, overhead and delay damages incurred due to Kantrax's breach of the contract.[15] Accordingly, in the absence of any contest being made by Kantrax as to the requested

---

[12] *See U.S. for Use and Benefit of S.E. Mun. Supply Co., Inc. v. National Union Fire Ins. Co. of Pittsburg,* 876 F.2d 92 (11th Cir. 1989) (holding that, where there was a contractual provision between supplier and subcontractor for the recovery of attorney's fees, provision is enforceable under the Miller Act).

[13] This amount is the sum of Consolidated's undisputed work claims of $74,615.59 and additional disputed work claims of $36,586.52. (Doc. # 17, Ex. C).

[14] No escrow or deposit arrangement was utilized in this Project. (Griffin Aff. ¶ 5).

[15] By its default, Kantrax has admitted the allegations alleged in the Complaint, and thus, admitted to a breach of contract.

damages, the Court finds and assesses these damages against Kantrax.  Consequently, Consolidated is due to be awarded damages in the amount of $370,919.06[16] against Kantrax.

C.  *Applicable Interest Rate*

Having determined the award of damages to be awarded against Kantrax, the Court must now consider the relevant interest rate, if any, to be applied to these damages. Consolidated argues that Kantrax should be obligated to pay interest at the rate of one percent per month or 12 percent per annum on the damages due.[17]  The court disagrees.

Pursuant to Article 15.2 of the contract at issue, "[p]ayments due and unpaid under this Subcontract shall bear interest from the date payment is due at such rate as the parties may agree upon in writing or, in the absence thereof, at the legal rate prevailing from time to time at the place where the Project is located."  (Doc. # 17, Ex. A, p. 12).  The parties to the contract, however, did not specify in the contract, any interest rate agreed upon.

In absence of an agreement by the parties, and in light of the facts of this case, the court finds that the appropriate interest rate to apply is the statutory prejudgment interest rate set forth in Ala. Code § 8-8-8.[18]  *See Ruffin v. Nissan Motor Acceptance Corp.*, 953 F. Supp.

---

[16] $370,919.06 is the total amount of damages incurred by Consolidated, as of January 17, 2005, excluding attorneys' fees and expenses.  (Doc. # 17, Ex. C).

[17] Consolidated relies upon the Timely Payment to Contractors Act, Ala. Code § 8-29-1, *et seq.*(1975).  The court pretermits discussion of this Act as it finds that it is unsuitable to this case.

[18] Ala. Code § 8-8-8 (1975) provides:
All contracts, express or implied, for the payment of money, or other thing, or for the

373, 378 (M.D. Ala. 1996) (awarding statutory prejudgment interest under Ala. Code § 8-8-8); *Miller & Co., Inc. v. McCown,* 531 So.2d 888, 889 (Ala. 1988) (noting that under Ala. Code § 8-8-8, " 'in contract cases, where an amount is certain or can be made certain as to damages at the time of breach, the amount may be increased by the addition of legal interest from that time until recovery' ") (citations omitted). The legal rate of prejudgment interest is 6 percent per annum. *Ruffin,* 953 F. Supp. at 378 (citing *Burgess Mining & Constr. Corp. v. Lees,* 440 So.2d 321, 338 (Ala. 1983)). Being that Kantrax does not object to an award of interest and, in fact, has failed to respond at all to the Complaint, this Court finds that Consolidated is entitled to an award of prejudgment interest at the rate of 6 percent per annum on the damages caused by Kantrax's breach from the date payment was due[19] to the date judgment is entered in Consolidated's favor. Accordingly, pursuant to the Court's calculations, the total prejudgment interest accrued as of April 18, 2005 is $90,531.09.[20]

## V. CONCLUSION

---

performance of any act or duty bear interest from the day such money, or thing, estimating it at its money value, should have been paid, or such act, estimating the compensation therefor in money, performed.

[19] (*See* Doc. # 17, Ex. C, Damages Charts).

[20] Consolidated's calculations comprise application of a 12 percent per annum interest rate. (Doc. # 17, Ex. C). These calculations portray that the total interest accrued as of January 17, 2005 is $169,934.61. Reducing this interest amount by half ($169,934.61 ÷ 2 = $84,967.31) and adding three additional months of interest at 6 percent per annum ($370,919.06 x .06=$22,255.14 per year ÷ 12 months = $1,854.59 per month; $1,854.59 x 3 months (1/17/05 to 4/18/05) = $5,563.79), the court reaches the conclusion that the total amount of interest accrued as of April 18, 2005 at 6 percent per annum is $90,531.09 ($84,967.31 + $5,563.79 = $90,531.09).

Accordingly, for the foregoing reasons, it is hereby ORDERED that the motion for default judgment (Doc. # 17) is GRANTED.

Plaintiff is due to be awarded the sum of $461,450.15 in damages and prejudgment interest, and the sum of $17,512.50 in attorneys' fees and expenses on its claims against Defendant Kantrax.

An appropriate judgment will be entered.

DONE this 18th day of April, 2005.

                                                /s/ Mark E. Fuller
                                    CHIEF UNITED STATES DISTRICT JUDGE